*498 OPINION of the Court, by
Cli. J. Boyxe.
This ⅛ an appeal from á judgment for the plaintiff in an ac-^011 of ejectment. The questions arising in the case grow out of bills of exception taken by the defendants ⅛ the progress of the trial in the court helow.
^yrc have no doubt that the court below decided erroneously that the deed to the lessor of the plaintiff, purporting to be executed by the heirs of the patentee, under which the plaintiff derived title, Vas prima facie evidence of the fact that they were the heirs of the pa-teatee. The question whether they were the heirs of the *499 patentee, involved matter both of fact and of law. The death of the patentee and their relation to him should be proved, before the law could adjudge them to be his heirs; and of neither of these facts could the deed be any evidence. In truth it does not purport to recite either of them ; nor if if- had, could it have been any evidence against third persons. The deed being properly recorded, is no doubt evidence against any one that they have made the conveyance ; but it is not evidence that they had any right to convey.
An order of publication a-gainit abfenC defendants in chancery does not operate as notice until it is executed»
We are of opinion the court below decided correctly, that the suit in chancery brought by the defendants against absentees, couid not be deemed lis pendens, so as to be presumed notice to a purchaser, until the execution of the order to advertise. The rule is clearly settled, that the filing of a hill is not notice of the pendency of the suit before the subpoena is served ; and as the order to advertise is substituted, where the defendants ace absent from the state, in the place of the subpoena, thgjré is the same reason for requiring it to be executed before, it can operate as a notice.
We are also of opinion that the court below decided correctly in refusing to reject parol evidence that the ancestor of the defendants said he had elected to take in satisfaction of his bond a different tract from that in controversy, for which he had received a deed, and that he had no claim to the land in dispute, of which the witnesses informed the lessor of the plaintiffbefore he made his purchase.
Such evidence was npt perhaps admissible to prove the existence of the deed spoken of, without having given previous notice to the defendants to produce it; but it was not necessary to prove the existence of the deed. It was sufficient for the lessor of the plaintiff* to prove that he was a purchaser without notice of the defendants or their ancestor’s claim j and the evidence was no doubt competent for this purpose. ■ ■
Judgment reversed with costs, and the cause remanded for new proceedings. ■